UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:25-cv-11048-MWC-E                                    Date: February 2, 2026

Title:     Joseph Peter Stetz III, *et al.* v. General Motors, LLC


Present:  The Honorable Michelle Williams Court, United States District Judge


|  T. Jackson  |  Not Reported  |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

|  Attorneys Present for Plaintiffs:  |  Attorneys Present for Defendants:  |
| --- | --- |
| N/A | N/A |


**Proceedings:  (IN CHAMBERS) Order GRANTING Plaintiffs' Motion to Remand (Dkt. 14) JS-6**

Before the Court is Plaintiffs Joseph Peter Stetz III and Sandra Kaye Weber's ("Plaintiffs") motion to remand.  *See* Dkt. # 14 ("*Mot.*").  Defendant General Motors, LLC ("Defendant") opposed, *see* Dkt. # 15 ("*Opp.*"), and Plaintiffs replied, *see* Dkt. # 16 ("*Reply*").  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers, the Court **GRANTS** Plaintiffs' motion to remand.

I.       Background

This lemon law action arises out of Plaintiffs' purchase of a 2023 Chevrolet Trailblazer.  *See generally* Dkt. # 1-1 ("*Compl.*").  Plaintiffs assert causes of action under the Song-Beverly Consumer Warranty Act for breach of an express warranty, breach of the implied warranty of merchantability, and violations of California Civil Code § 1793.2(b).  *See* Dkt. # 1 ("*NOR*") 2.  Plaintiffs filed this action in Santa Barbara County Superior Court on July 21, 2025.  *See id.*  On November 18, 2025, Defendant removed to this Court.  *See id.*  Plaintiffs filed their motion to remand on December 19, 2025.  *See Mot.*

II.      Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted).  Under 28 U.S.C. § 1441, a defendant may remove a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11048-MWC-E                                    Date: February 2, 2026

Title:     Joseph Peter Stetz III, *et al.* v. General Motors, LLC

civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case.  *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court.").  Courts strictly construe the removal statute against removal jurisdiction.  *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

A defendant must file a notice of removal within 30 days of either (1) being served with a complaint that establishes federal jurisdiction on its face or (2) "if the case stated by the initial pleading is not removable," receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(1), (3).  For the latter, the removal clock is triggered only when the ground for removal is "unequivocally clear and certain."  *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).  "[D]efendants need not make extrapolations or engage in guesswork [to determine the amount-in-controversy]; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'"  *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).  When removal is based on diversity jurisdiction, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount-in-controversy exceeds $75,000.  *See Lopez v. So. Cal. Edison Co.*, No. 2:17-CV-06413-SVW-MRW, 2017 WL 4712189, at *1 (C.D. Cal. Oct. 18, 2017) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002)).  Defendant bears the burden of proving that removal was proper, and the "strong presumption" against removal jurisdiction requires remand "if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992); *see, e.g.*, *Baumann v. BMW of N. Am., LLC*, No. 17-CV-01707-BRO, 2017 WL 1538155, at *5 (C.D. Cal. Apr. 26, 2017) (applying *Gaus* presumption and finding removal of lemon-law case untimely).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11048-MWC-E                                      Date: February 2, 2026

Title:      Joseph Peter Stetz III, *et al.* v. General Motors, LLC

III.     <u>Discussion</u>

Because Defendant has failed to show by a preponderance of the evidence that the amount-in-controversy exceeds $75,000, the Court must grant Plaintiffs' motion to remand.  *See Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006).

Defendant estimates that the amount of actual damages is $15,327.87 after considering the purchase price of the car, mileage and other offsets, and the unpaid balance on the car.[1]  *See Opp.* 19–20.  When calculating civil penalties, Defendant considered that Plaintiffs presented the car for repairs several times.  *See id.* 20–21.  Relying on a 2.0 multiplier to include the maximum civil penalties available, Defendant estimates that the total damages would reach $45,983.61.  *See id.*  Lastly, Defendant estimates that Plaintiffs' counsel's $450 per hour rate and billing history suggest that $33,000 is a reasonable estimate for attorneys' fees.  *See id.* 21.

But Defendant's fee calculation leaves the Court wanting.  In support, Defendant submits the declaration of its own counsel, who submitted only his own estimates as to Plaintiffs' counsel's billing practices.  *See* Dkt. # 15-1 ("*Fitch Decl.*") ¶ 9.  Defendant's counsel refers to "amounts billed by Plaintiffs' counsel in the past," without including any bills from those cases.  *See id.*  He also includes estimates that Plaintiffs' counsel would log five hours to conduct initial case review and draft the complaint.  *See id.*  Given the similarity of this case to many of Plaintiffs' counsel's other cases, this estimate seems excessive.[2]  The same is true of Defendant's counsel's estimate that Plaintiffs' counsel would bill six hours to bring its motion to remand.  *See id.*  Defendant's counsel also references $9,500 in costs associated with Plaintiffs' counsel bringing this case but provides no context or evidence to show how he reached that figure.  *See id.* ¶10.  Since Defendant has not shown by a preponderance of the evidence that Plaintiffs' counsel's

---

[1] Defendant acknowledges that $15,327.87 is a more accurate calculation for actual damages than the $38,232.50 figure Defendant suggested in its notice of removal.  *See Opp.* 20 n.4.

[2] Plaintiffs' and Defendant's counsel have appeared before this Court several times in just the last few months in similar cases.  *See, e.g.*, *Schey v. Gen. Motors., LLC*, No. 2:25-cv-09154-MWC-MBK, 2025 WL 3190613 (C.D. Cal. Nov. 13, 2025); *Estrada-Chavez v. Gen. Motors, LLC*, No. 2:25-cv-08686-MWC-PVC, 2025 WL 3190615 (C.D. Cal. Nov. 13, 2025); *Lee v. Gen. Motors, LLC*, No. 2:25-cv-07090-MWC-E, 2025 WL 2855115 (C.D. Cal. Oct. 8, 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11048-MWC-E                                    Date: February 2, 2026

Title:    Joseph Peter Stetz III, *et al.* v. General Motors, LLC

attorneys' fees will exceed $29,016.39, it has not shown that the overall amount-in-controversy will exceed $75,000.

Nor does Defendant's authority save it.  When arguing that Plaintiffs' counsel's attorneys' fees will exceed $33,000, Defendant relies on two cases.  Defendant first cites a footnote where the court declined to issue an award of fees or costs for time Plaintiffs' counsel incurred after removal.  *See Opp.* 21 (citing *Gonzalez v. GM LLC*, No. 2:25-cv-07044-MCS-AS, 2025 WL 2591432, at *2 n.2 (C.D. Cal. Sept. 8, 2025)).  The cited footnote states that "the Court doubts that drafting this motion required over an hour and a half of attorney time given that counsel filed several substantially identical motions in other cases assigned to this judicial officer . . . .  Time spent toward most of these motions must have been saved in adapting the first that was drafted." *Gonzalez*, 2025 WL 2591432, at *2 n.2 (referencing motion to remand).  If anything, this citation further undermines Defendant's counsel's six-hour estimate.  Defendant's other citation is to a case that evaluated whether the amount-in-controversy exceeded $50,000 under the Magnuson-Moss Warranty Act.  *See Opp.* 21 (citing *Sandoval v. GM LLC*, No. 2:25-cv-06551-DSF-SSC, 2025 U.S. Dist. LEXIS 195478, at *5 (C.D. Cal. Sept. 15, 2025)).  Not only does the instant case have a higher amount-in-controversy threshold, but the actual damages in that case totaled $37,442.31, requiring only $12,557.70 in attorneys' fees to exceed the Magnuson-Moss threshold.  *See Sandoval*, 2025 U.S. Dist. LEXIS 195478, at *5.  In the absence of the relevant authority or evidence to the contrary, the Court cannot conclude that Plaintiffs' counsel will seek nearly $30,000 in fees for this case.

To the extent there is any doubt that would have led the Court to decide in favor of remand, Defendant is incorrect when it argues that the *Gaus* presumption is inapt.  *See Opp.* 1–2, 8–9.  Defendant argues that the *Gaus* presumption does not apply in this case by asserting that the presumption applies only to jurisdictional challenges to removal, not procedural ones.  *See id.* 8.  But a failure to show that the amount-in-controversy exceeds $75,000 goes directly to subject matter jurisdiction, rendering Defendant's argument inapt.

Defendant next cites *Smith v. Mylan* for the proposition that plaintiffs bear the burden when moving to remand, but *Smith* says nothing of the kind.  761 F.3d 1042 (9th Cir. 2014).  Rather, in *Smith* the plaintiff did not object to removal, and the district court remanded the case *sua sponte* based on a non-jurisdictional defect.  *Id.* at 1045.  Instead, the Ninth Circuit reasoned that "[b]ecause procedural defects are waivable, a district court lacks authority to remand based on the defendant's violation of" a § 1446 time limit.  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11048-MWC-E                                Date: February 2, 2026

Title:   Joseph Peter Stetz III, *et al.* v. General Motors, LLC

The word "burden" does not appear in the opinion.  *See generally id.*  Even more importantly, this citation attempts to rely on the distinction between a jurisdictional and a procedural challenge, but the Court is deciding this case based on the former rather than the latter.

Despite Defendant's efforts to recast the case law, the Court must still resolve any doubt as to removal in favor of remand.  *See Gaus*, 980 F.2d at 566–67.  Accordingly, remand is appropriate.

IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to remand.  The February 6, 2026, hearing is **VACATED**.  This Order closes the case.  JS-6

**IT IS SO ORDERED.**

                                                                            :

                                                **Initials of Preparer**   TJ